IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3113-FL

| | |
|---|---|
| PERRY VINCENT KNOWLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ROBERT C. LEWIS; PAULA Y. ) | |
| SMITH; JOSEPH LIGHTSEY; and ) | |
| HAROLD WEBSTER,[1] ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the respective motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) of defendant Dr. Joseph Lightsey ("Lightsey") (DE # 27) and defendants Director of Prisons Robert C. Lewis ("Lewis"), Director of Health Services Paula Y. Smith ("Smith"), and Assistant Superintendent for Programs Harold Webster ("Webster") (DE # 31). The motions were fully briefed. Also before the court are plaintiff's motion to amend his complaint (DE # 18) and motion for a preliminary injunction (DE # 19), to which defendants did not respond. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court rules as follows.

## STATEMENT OF THE CASE

On June 20, 2011, plaintiff, a state inmate, filed this action pursuant to 42 U.S.C. § 1983, alleging that defendants acted with deliberate indifference to his serious medical needs in violation

---

[1] Plaintiff initially provided the incorrect name of James R. Webster for this party, but subsequently amended his complaint to provide the correct name of Harold Webster.

of the Eighth Amendment to the United States Constitution. Plaintiff also alleged that Lewis, Smith, and Webster acted with deliberate indifference to his prison conditions in violation of the Eighth Amendment. Plaintiff subsequently amended his complaint to clarify Harold Webster's name. Plaintiff then filed a second motion to amend and a motion for a preliminary injunction.

Defendants next filed their respective motions to dismiss, arguing that plaintiff failed to state a claim upon which relief may be granted. The motions were fully briefed.

## STATEMENT OF FACTS

Viewing the facts in the light most favorable to plaintiff, plaintiff makes the following allegations. On June 17, 2010, plaintiff arrived at Johnston Correctional Institution ("Johnston") and

> immediately notice[d] that the facility was poorly designed to house lupus patients such as myself, I filed several sick call requests with the medical department, complaining of being overly exposed to too much sun-light.
>
> I was seen by Joseph Lightsey, MD, whom told me that sun-light should not affect me because I am black. I complain[ed] of joint pains, fatigue, itching of the skin and rashes, my complaint of being overly exposed was dismissed by Joseph Lightsey, the facility physician.
>
> I wrote several letters to Robert C. Lewis, the director of prisons, complaining of being overly exposed to too much sun-light . . . when standing outside in line, in record breaking temperatures to receive my daily medications, legal mail, or simply exercising[.] [D]espite my repeated complaints of the pain and fatigue caused by being overly exposed to the sun, Robert C. Lewis was in a position to remedy the situation, but did nothing. I wrote to Paula Y. Smith, MD, the director of health services for the N.C. department of correction, explaining my situation of being diagnosed with systemic lupus erythematosus and being overly exposed to the sun when standing in line to receive my daily medications, meals, legal mail and while exercising, however, despite Dr. Smith's knowledge of lupus and the

2

> devastating affects that the sun have on most lupus patients, she was
> in a position to remedy the situation, but did nothing.

Compl. pp. 4, 6.

In addition to the above-stated facts, plaintiff alleges he filed a grievance stating that the design of the Johnston facility increased the alleged harmful sun exposure. Webster responded to plaintiff's grievance, stating that "because [he] did not have a job as a grounds keeper or working on the road squad, that [he] was not being overly exposed to the sun." Id. p. 6.

As relief, plaintiff requests monetary damages in the amount of one thousand five hundred dollars ($1,500) per day that he is housed at Johnston. Plaintiff also requests an injunction ordering his "immediate transfer to any facility that would give [him] maximum protection from being overly exposed to too much sun-light." Id. p. 5.

## DISCUSSION

A.  Motion to Amend

Plaintiff seeks to amend his complaint to supplement his allegations. Plaintiff requires leave of court to amend his complaint. See Fed. R. Civ. P. 15(a). "Motions to amend are committed to the discretion of the trial court." Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). A district court may deny a motion to amend a pleading "where the motion has been unduly delayed and where allowing the amendment would unduly prejudice the non-movant." Deasy v. Hill, 833 F.2d 38, 40 (4th Cir. 1987), cert. denied, 485 U.S. 977 (1988). The court finds that justice requires that plaintiff be permitted to amend his complaint, and the motion is GRANTED.

B.  Frivolity Review

The court now finds it appropriate to conduct a frivolity review for plaintiff's amended

3

complaint pursuant to 28 U.S.C. § 1915. Plaintiff generally alleges a claim against defendants arising out of a Johnston policy requiring that all inmates be outside of the dormitory for two hours per day. The court, however, finds that plaintiff has not provided sufficient factual support for this claim. Accordingly, plaintiff may particularize his complaint to specifically name the party responsible for his alleged deprivation, the injury stemming from the party's actions or inactions, and the alleged facts to support his claim. Plaintiff further is on notice that he must connect the named defendants with the alleged conduct which resulted in the alleged constitutional violation. Finally, plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed.RCiv.P. 8(a)(2).

C. Preliminary Injunction

A preliminary injunction is an extraordinary remedy which should not be granted unless there is a clear showing of both likely success and irreparable injury. The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 345 (4th Cir. Aug. 5, 2009), vacated on other grounds, 130 S.Ct. 2371 (2010). The United States Supreme Court has stated that the movant must establish the following to obtain a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc., 575 F.3d at 346.

Here, plaintiff has not demonstrated that he is likely to succeed on the merits. Plaintiff also has not alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his

motion is not granted. Additionally, the court's docket reflects that plaintiff has been transferred from Johnston to another DAC facility. Accordingly, he no longer is being subject to the alleged unconstitutional conduct at that facility. Finally, plaintiff has not demonstrated that his request for a preliminary injunction is in the public interest. Accordingly, the balance of equities is in favor of defendants, and plaintiff's motion for a preliminary injunction is DENIED.

D. Motion to Dismiss

1. Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

Case 5:11-ct-03113-FL Document 43 Filed 08/22/12 Page 5 of 10

2. Analysis

   a. Lightsey

Plaintiff alleges Lightsey acted with deliberate indifference to his serious medical needs. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991)). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' "–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " See Strickler, 989 F.2d at 1379 (quotations omitted).

Lightsey argues that plaintiff's allegations do not satisfy the objective prong of the Eighth Amendment test because he has not alleged a sufficiently serious injury. The court disagrees. In his complaint, plaintiff alleges that his exposure to the sun caused him "joint pains, fatigue, itching of the skin and rashes." Compl. p. 4. The "unnecessary and wanton infliction of pain" alone suffices to form an injury severe enough to be cognizable under the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992). Thus, the court finds that plaintiff's allegations are sufficient to satisfy the objective prong of the Eighth Amendment test.

The court turns to the subjective prong of the Eighth Amendment test–whether Lightsey acted with deliberate indifference to plaintiff's serious medical needs. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer

6

v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). Mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998).

Plaintiff states that he submitted several sick call requests, but that Lightsey refused to see him or address his medical complaints. Lightsey, in his motion to dismiss, contends that plaintiff attached documents to his complaint, in the form of staff responses to his grievances, which establish that he in fact treated plaintiff for his condition. These grievance responses, however, are not sufficient evidence to dismiss plaintiff's Eighth Amendment claim. Rather, while the court may rely upon medical affidavits and prison medical records, grievance responses do not carry the same evidentiary weight. See Stanley v. Hejirika, 134 F.3d 629, 637 (4th Cir. 1998); Bennett v. Reed, 534 F. Supp. 83, 86 (E.D.N.C. 1981), aff'd, 676 F.2d 690 (4th Cir. 1982). No medical records or affidavits are before the court. Moreover, the court finds that plaintiff's allegations that Lightsey repeatedly refused to see him, despite his continual complaints of joint pain, headaches, fatigue, itching, and rash satisfies the subjective prong of the Eighth Amendment test. See Estelle, 429 U.S. at 103-105. Because plaintiff has adequately alleged deliberate indifference, the court finds that he has adequately stated an Eighth Amendment claim.

    b.    Injunctive Relief

Plaintiff notified the court that he has been transferred from Johnston. Generally, an inmate's transfer or release from a particular prison moots his claims for injunctive or declaratory relief with respect to his incarceration there. See Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007); see

also, Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Lightsey is named as the Johnston facility physician, and plaintiff no longer is incarcerated at Johnston. Thus, plaintiff's claim for injunctive relief against Lightsey is DISMISSED without prejudice as moot.

c. Lewis, Smith, and Webster

Plaintiff's claims against Lewis, Smith, and Webster are against them in their capacities as supervisors at Johnston. A supervisor may be liable for the actions of a subordinate if:

> (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff;
>
> (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'; and
>
> (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted).

Plaintiff's supervisor liability claim against Webster is based upon Webster's participation in the North Carolina Division of Adult Corrections' ("DAC") inmate grievance process. However, "participation in the administrative remedy procedure is not the type of personal involvement necessary to state a claim based upon supervisor liability." See Abdel-Aziz v. Johns, No. 5:07-CT-3095-FL, 2008 WL 4279696, at *3 (E.D.N.C. Sept. 15, 2008) (citing Paige v. Kupec, No. Civ. A. AW-02-3430, 2003 WL 23274357, at *1 (D. Md. Mar. 31, 2003)), aff'd, 70 F. App'x 147 (4th Cir. July 31, 2003) (per curiam). Thus, plaintiff's claim against Webster is DISMISSED for failure to state a claim.

8

The court next turns to plaintiff's claim against Lewis and Smith arising out of their alleged deliberate indifference to his medical care. This supervisor liability claim is based solely upon the fact that plaintiff wrote letters to Lewis and Smith complaining about his medical care. However, this alone, is insufficient to meet the heavy burden in supervisor liability cases. See Gullet v. Wilt, 869 F.2d 593, at *2 (4th Cir. Feb. 21, 1989) (citing Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984)), but see, Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). Moreover, even if supervisor liability could stem from the letters alone, plaintiff's claims still fails because as DAC supervisory officials, Lewis and Smith are entitled to rely upon the judgment of medical staff at Johnston for the provision of medical care. See Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990). Based upon the foregoing, plaintiff has failed to state a supervisor liability claim based upon alleged deliberate indifference to plaintiff's medical care against Lewis and Smith.

Finally, plaintiff alleged a supervisor liability claim against Lewis and Smith based upon the alleged deliberate indifference to the design of the Johnston facility and prison policies resulting in his sun exposure. Lewis and Smith have not proven that plaintiff failed to state a claim for upon which relief may be granted for this claim. Thus, to the extent Lewis and Smith seek dismissal of these claims, their motion is DENIED.

## CONCLUSION

Based upon the foregoing, the court rules as follows:

(1) Lightsey's motion to dismiss (DE # 27) is GRANTED in part and DENIED in part. Lightsey's motion is GRANTED as to plaintiff's request for injunctive relief, and this claim is DISMISSED as moot without prejudice. The remainder of Lightsey's motion is DENIED.

(2) The motion to dismiss (DE # 31) filed by Lewis, Smith, and Webster is GRANTED in part and DENIED in part. The motion is GRANTED as to plaintiff's claims against Webster. The motion also is GRANTED as to plaintiff's supervisor liability claim against Lewis and Smith arising out of the alleged deliberate indifference to plaintiff's medical care. The remainder of the motion to dismiss is DENIED.

(3) Plaintiff's motion to amend (DE # 18) is GRANTED.

(4) Plaintiff must particularize his amended complaint as set forth above within fourteen (14) days of the entry of this court's order. Failure to comply will result in dismissal of plaintiff's amended complaint without prejudice.

(5) Plaintiff's motion for a preliminary injunction (DE # 19) is DENIED.

(6) The Clerk of Court is DIRECTED to issue an initial order.

SO ORDERED, this the 21 day of August, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge